# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON B. DALE, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) CIVIL NO. 08-cv-424-JPG |
| vs. | ) |
| | ) CRIMINAL NO. 05-cr-40078 |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On November 14, 2005, Jason Dale was charged with conspiracy to manufacture and distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(b)(1). On August 18, 2006, Dale entered a plea of guilty to conspiracy and the Court imposed a sentence of 180 months incarceration, 5 years supervised release, a special assessment of $100.00 and a fine of $500.00. Dale's sentence was affirmed on direct appeal by the Seventh Circuit Court of Appeals. *United States v. Dale*, No. 06-3224 (7th Cir. Aug. 17, 2007).

In his § 2255 motion, Dale asserts 13 grounds for relief. Grounds one through ten allege ineffective assistance of trial counsel. Ground one alleges that trial counsel denied Dale's 6th Amendment right to confront witnesses. Ground two claims that trial counsel failed to conduct a reasonable investigation of potential witnesses. Ground three states that trial counsel failed to call strong witnesses, though they were available. Ground four charges that trial counsel failed

to conduct pre-trial discovery.  Ground five alleges that trial counsel failed to prepare for the sentencing hearing.  Ground six states that trial counsel failed to investigate the prosecution's evidence.  Ground seven claims that trial counsel failed to object to the unreasonableness of the sentence imposed.   Ground eight charges that trial counsel failed to prevent a reasonable defense.  Ground nine states that trial counsel failed to provide evidence.  Ground ten alleges that trial counsel failed to investigate Dale's defense of diminished capacity.

Grounds eleven through thirteen allege ineffective assistance of appellate counsel.  Ground eleven claims that appellate counsel failed to argue the defense of diminished capacity.  Ground twelve charges that appellate counsel failed to make a claim of ineffective assistance of trial counsel.  Ground thirteen alleges that appellate counsel failed to move for a re-hearing.

The Court **ORDERS** the Government to file a response to Petitioner's motion  within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**Dated: July 30, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**